**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THE MOST WORSHIPFUL GRAND LODGE                                            PLAINTIFF
OF FREE AND ACCEPTED MASONS OF THE
STATE OF ARKANSAS

v.                                    No. 4:15CV219 JLH

PAGEONE FINANCIAL, INC.;
EDGAR R. PAGE; and JOHN DOES 1-10                                            DEFENDANTS

**OPINION AND ORDER**

This action arises out of an investment made by The Most Worshipful Grand Lodge of Free and Accepted Masons of the State of Arkansas in a private investment fund called DCG/UGOC Equity Fund, LLC. The Lodge alleges that it was induced by the defendants, through misstatements and omissions of material facts, to purchase securities in the form of limited liability company interests in the Equity Fund. The Court previously dismissed four defendants from the action, but two defendants remain: PageOne Financial, Inc., and Edgar R. Page. The Page Defendants have filed a motion for summary judgment, or in the alternative a motion for judgment on the pleadings. Document #101. For the reasons that follow, the motion is granted.

**I.**

The Court has recited the facts of this case twice before, but will do so again to provide context for this opinion. Documents #46 and #100. In January of 2010, the Senior Vice President of the United Group, Bryan Harrison, contacted the Lodge's investment advisor, Jeremy Cook. Harrison, as the representative of the Equity Fund and the United Group, began to solicit the Lodge's investment in the Equity Fund, which the United Group packaged and promoted. The Equity Fund invested in real estate, particularly student and senior housing. Edgar R. Page, Chief Executive Officer of New York corporation PageOne Financial, also promoted the Equity Fund to

the Lodge. PageOne financial advisory firm registered with the Securities and Exchange Commission.

Sometime in the first quarter of 2010, Harrison and Page traveled to Little Rock and made a presentation regarding the Equity Fund to the Lodge's Board of Finance. The Lodge initially alleged that this presentation occurred on April 20, 2010, but discovery has disproven that allegation. The second amended complaint[1] alleges that the presentation occurred on or about March 17, 2010. The exact date remains undetermined, but for summary judgment purposes it is undisputed that the presentation took place in March of 2010. *See* Document #97 at 2, ¶ 5. Harrison provided the Lodge with a confidential Private Placement Memorandum (PPM) on or before the date of the presentation and, along with Page, made a presentation to the Board about the investment. The PPM and the presentation to the Board are the basis for the alleged misrepresentations and omissions.

The Board asked Harrison and Page several questions. The Board asked whether anyone would be paid a commission for the Lodge's investment and was told that no one would be paid a commission. The Board questioned whether there was an affiliation between UGOC and PageOne Financial and was told that there was not. The Board asked whether there were any collection issues with student housing and was told that the Equity Fund was a solid investment, in which no one had

---

[1] As a part of its response to the motion for summary judgment filed by the United Group Defendants, the Lodge filed a motion for leave to file a second amended complaint, with the proposed amended complaint attached. The Lodge relied in part on the proposed second amended complaint in responding to the motion for summary judgment. In viewing the evidence in the light most favorable to the Lodge, the Court considered the allegations in the second amended complaint but granted summary judgment in favor of the United Group Defendants. Because the second amended complaint did not change the outcome, the Court denied the motion for leave to file it as moot. Document #100. Here, the important point is that the Lodge has admitted that the presentation took place in March of 2010.

lost money in thirty years.  The Board also was told that if the Lodge wanted out of the investment, the United Group would find a buyer or its chairman would buy the Lodge's interest.  The Board asked when the Lodge could expect distributions and was told that it could expect a four-percent distribution in 2011 and at least six percent per year after 2011.  The Lodge contends that these statements were false.  The Lodge also contends that Harrison and Page failed to disclose material facts regarding the investment.

The Lodge ultimately agreed to invest a total of $500,000 and on April 20, 2010, executed four subscription agreements for the purchase of limited liability company interests in the Equity Fund.  Between the presentation to the Board and April 20, 2010, Cook was in frequent communication with Harrison and Page.  The Lodge alleges that some or all of the representations by Harrison and Page to the Board through April 20, 2010, were false.

## II.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct.

2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

The Court previously held that all of the Lodge's claims against the Equity Fund and the United Group for securities fraud in violation of state and federal statutes, and for common law fraud were time-barred based on the alleged date of Harrison and Page's presentation to the Board. Document #100. The Lodge has provided no additional reasons for why those same claims alleged against the Page Defendants are not barred by the applicable statutes of repose and limitations. Document #105 at 1. Therefore, for the reasons discussed in the opinion filed on October 19, 2016, those claims—Counts I, IV, and V of the first amended complaint—are barred.

### III.

The sole remaining claim is for breach of fiduciary duty. The Page Defendants argue that the there is no genuine dispute as to whether the Lodge's breach of fiduciary duty claim is barred by the statute of limitations.[2] The statute of limitations period for breach of fiduciary duty is three years, and absent concealment it begins to run upon the occurrence of the wrong. *See Tech. Partners, Inc. v. Regions Bank*, 97 Ark. App. 229, 234, 245 S.W.3d 687, 692 (2006); Ark. Code Ann. § 16-56-105.

---

[2] The Page Defendants failed to comply with Local Rule 56.1, which requires a party moving for summary judgment to attach a separate, short and concise statement of the undisputed material facts. However, the Lodge does not argue that the motion should be denied on that basis, so the Court will reach the merits of the motion based on the undisputed facts in the record, the most important of which is that the presentation occurred in March of 2010.

The Lodge alleges that because PageOne was acting as the Lodge's investment advisor, a fiduciary relationship existed between itself and the Page Defendants. The Lodge alleges that the Page Defendants breached that duty by making misrepresentations and omissions in connection with the Lodge's investment in the Equity Fund. It is undisputed these misrepresentations and omissions took place in March of 2010, *see* Document #97 at 2, ¶ 5, more than three years before the Lodge filed its complaint on April 17, 2015. Because the undisputed facts establish a prima facie case that the action is barred by the statute of limitations, the burden shifts to the Lodge to prove by a preponderance of the evidence that the statute of limitations was tolled. *Meadors v. Still*, 344 Ark. 307, 312, 40 S.W.3d 294, 298 (2001) (citing *Adams v. Arthur*, 333 Ark. 53, 63, 969 S.W.2d 598, 602-03 (1998)).

The Lodge argues that the common law doctrine of fraudulent concealment applies in this case to toll the statute of limitations. According to the Lodge, the period of limitations did not begin to run until September of 2013 when it discovered that the United Group had been in the process of purchasing PageOne Financial at the time of the presentation to the board. "Fraudulent concealment suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence." *Shelton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557, 561 (2000) (citing *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999); *First Pyramid Life Ins. Co. v. Stoltz*, 311 Ark. 313, 843 S.W.2d 843 (1992)). The Arkansas Supreme Court has explained:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself.

*First Pyramid Life Ins. Co.*, 311 Ark. at 319, 843 S.W.2d at 845. *See also Bomar v. Moser*, 369 Ark. 123, 131-32, 251 S.W.3d 234, 242 (2007) ("[T]here must be (1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence."). The Lodge has failed to show that the Page Defendants engaged in a positive act of fraud to conceal the facts underlying the breach of fiduciary duty claim. The issue is whether the Page Defendants were under an obligation to speak.

"[I]n some situations, the law imposes upon a party a duty to speak rather than to remain silent in respect of certain facts within his knowledge, and the failure to speak is the *equivalent of fraudulent concealment* and amounts to fraud just as much as an affirmative falsehood." *Floyd v. Koenig*, 101 Ark. App. 230, 234, 274 S.W.3d 339, 342 (2008) (citing *Camp v. First Fed. Savings & Loan*, 12 Ark. App. 120, 154, 671 S.W.2d 213, 215 (1984)). This rule is limited to special circumstances, such as a confidential relationship. *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 397, 653 S.W.2d 128, 134 (1983). *See also Union Nat. Bank of Little Rock v. Farmers Bank*, 786 F.2d 881, 887 (8th Cir. 1996) (quoting *Hanson Motor Co. v. Young*, 223 Ark. 191, 196, 265 S.W.2d 501, 504 (1954) ("The duty of disclosure also arises where one person is in position to have and to exercise influence over another who reposes confidence in him whether a fiduciary relationship in the strict sense of the term exists between them or not.")). To determine whether special circumstances exist, the Court looks to all the circumstances of the case and compares "the facts not disclosed with the object and end sought by the contracting parties . . ." *Camp*, 12 Ark. App. at 154, 671 S.W.2d at 216. *See also Badger Capital v. Chambers Bank of North Ark.*, 650 F.3d 1125, 1131 (8th Cir. 2011) ("Arkansas courts appear to require the existence

of some type of relationship or contact between the parties before they conclude that special circumstances exist.").

Here, the Lodge has failed to carry its burden to show that special circumstances existed giving rise to a duty to speak. The first amended complaint contains the conclusory allegation that because PageOne was acting as the Lodge's investment advisor in connection with the Equity Fund investment, a fiduciary relationship existed between the parties. Document #26 at 26, ¶ 71. In support of its argument that the Lodge and the Page Defendants had a relationship similar to a confidential relationship, it cites to the first amended complaint to corroborate the assertion that "[a] fiduciary relationship existed between Plaintiff and PageOne, as PageOne was acting as Plaintiff's investment advisor in connection with Plaintiff's investment in DCG/UGOC Equity Fund, LLC." Document #106 at 2. No other factual support for this claim is provided. The Lodge has provided the Court with no evidence[3] in response to the motion for summary judgment. Without evidence, there are no grounds for the Court to conclude that a fiduciary relationship existed between the Lodge and PageOne. Therefore, the claim for breach of fiduciary duty is barred.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment or in the alternative

---

[3] The record contains an affidavit from Jeremy Cook, the Lodge's financial advisor, submitted in response to the United Group Defendants' motion for summary judgment based on the relevant statutes of repose and limitations. Document #69-1. There, Cook states that he has acted as a financial advisor to the Lodge since 2008 and that "[o]n April 20, 2010, my registration as an investment advisor representative was with PageOne Financial, Inc." *Id.* at 1, 3, ¶¶ 1, 9. April 20, 2010, is the date the Lodge executed the subscription agreements. The Lodge does not rely on the affidavit in responding to the Page Defendants' motion for summary judgment, and the facts stated in that affidavit are too sparse to show that a fiduciary relationship existed between PageOne and the Lodge.

motion for judgment on the pleadings is GRANTED. Document #101. This action is dismissed with prejudice.

      IT IS SO ORDERED this 18th day of January, 2017.

                                              */s/ J. Leon Holmes*
                                              J. LEON HOLMES
                                              UNITED STATES DISTRICT JUDGE